IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50888
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZA RUIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(EP-00-CR-196-1-H)
--------------------
May 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Lorenza Ruiz appeals her jury-trial conviction for making a materially false statement about a matter within the jurisdiction of a government agency, in violation of 18 U.S.C. § 1001. She contends that there was insufficient evidence to establish that her admittedly false statement to a United States Customs Service Inspector that she owned the car she was driving into the United States was material to a function of the Customs Service.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To be "material" for purposes of 18 U.S.C. § 1001, a statement must have "a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." United States v. Gaudin, 515 U.S. 506, 509 (1995) (internal quotation and citation omitted). "Deciding whether a statement is 'material' requires the determination of at least two subsidiary questions of purely historical fact: (a) 'what statement was made?' and (b) 'what decision was the agency trying to make?' The ultimate question: (c) 'whether the statement was material to the decision,' requires applying the legal standard of materiality . . . to these historical facts." Id. at 512.

With respect to what statement was made, Ruiz admits that she falsely stated to Customs Inspector Omar Fournier that she owned the car she was driving into the United States. With respect to what decision the agency was trying to make, Ruiz complains that the government failed to present evidence regarding the statutory or regulatory functions assigned to the Customs Service. This complaint gains her naught. Although determination of what decision the Customs Service was trying to make at the time of Ruiz's statement falls within the province of the jury or fact-finder, see id. at 512, the actual function of the Customs Service is a purely legal issue and thus not one that would have been decided by the jury, see id. at 511-15.

The district court correctly and properly instructed the jury that the Customs Service has jurisdiction to decide whether a person or vehicle may be legally permitted to enter the United

States.  In light of this jury instruction and Inspector Fournier's testimony that it is important for the Customs Service to identify vehicle ownership to detect vehicles carrying narcotics and stolen vehicles, a rational jury could have found beyond a reasonable doubt that at the time Ruiz made the statement in question, the Customs Service was trying to decide whether Ruiz and the vehicle she was driving could be legally permitted to enter the United States.  See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

Finally, with respect to the issue whether the statement was material to the agency's function and decision, Ruiz asserts that Inspector Fournier's testimony established only that Ruiz's statement was capable of affecting Inspector Fournier's own subjective concept of his duties.  This too is unavailing.  Customs Inspector Fournier's testimony that he may conduct a less rigorous inspection of a vehicle apparently driven by its owner supports his more general testimony that it is important for the Customs Service to identify vehicle ownership in connection with detecting whether vehicles are stolen and thereby detect drug smugglers, who typically do not drive their own cars.  Based on this testimony, a rational jury could have found beyond a reasonable doubt that Ruiz's false statement regarding ownership of the vehicle she was driving into the United States was at least capable of influencing the Customs Service's decision regarding whether she and her vehicle could be legally permitted to enter the United States.  See id.

3

For the foregoing reasons, Ruiz's conviction is AFFIRMED.